UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.

       Plaintiff,

v.

WARREN C. EVANS, In his Official
Capacity as Sheriff of Wayne County

       Defendant.
_____/

Michigan Protection & Advocacy Service, Inc.
Chris E. Davis (P52159)
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
Phone: (248) 473-2990
Email: cdavis@mpas.org
Attorney for Plaintiff
_____/

## **COMPLAINT**

### INTRODUCTION

1. The Plaintiff, Michigan Protection and Advocacy Service, Inc.(MPAS), brings this action for declaratory and injunctive relief pursuant to 42 U.S.C. §§ 10807-10827, the Protection and Advocacy for Individuals with Mental Illness Act of 1986 (PAIMI); 42 U.S.C. § 15043, Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD); and 29 U.S.C. § 794e, the Protection and Advocacy of Individual Rights (PAIR), Program of the Rehabilitation Act of 1973, as amended; as well as for attorney fees and costs pursuant to 42 U.S.C. § 1983.

2. The Plaintiff, MPAS, challenges the Defendant's failure to "promptly" disclose documents and contact information for alleged legal representatives relating to the death investigation of two inmates. This information was requested by the Plaintiff and disclosure is required by the PAIMI, DD, and PAIR Acts.

3. MPAS is charged with the responsibility both under federal and state law to investigate allegations of abuse and neglect against persons with disabilities.

4. The Defendant's failure to provide the documents and information at issue has interfered with Plaintiff's investigative responsibilities and resulted in Plaintiff being denied its rights pursuant to the PAIMI, DD, and PAIR Acts to investigate the suspected incidents of abuse and neglect.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Plaintiff's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827.

7. Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as all of the events and omissions complained of below occurred in this district.

## PARTIES

9. The Plaintiff, MPAS, is a Michigan non-profit corporation.

10. The Governor of Michigan has designated MPAS as the state's protection and advocacy system, pursuant to MCL 330.1931 (1) with the responsibility to enforce and carry out the federal mandates under the PAIMI, DD and PAIR Acts.

11. As the state's protection and advocacy system, MPAS is required to and has the responsibility to investigate allegations of abuse and neglect of persons with disabilities. MCLA 330.1931 (2).

12. Defendant, Warren C. Evans, is the Sheriff of Wayne County, Michigan and acts as the Sheriff of said county pursuant to the provisions in the State Constitution, MI Const. Art. 7, § 4. Additionally, Defendant has responsibility for the operation of the jails within Wayne County, Michigan, pursuant to M.C.L. 51.75.

## FACTS

13. On or about January 16, 2009, MPAS learned of the deaths of two inmates at the Wayne County Jail.

14. Both inmates committed suicide while in the custody of the Wayne County Sheriff's Department.

15. Inmate #1, initials CC, was found dead in his cell on the morning of January 15, 2009. Later news accounts indicated he committed suicide by hanging himself.

16. Inmate #2, whose identity is unknown, was found dead in his cell on the morning of January 14, 2009.

17. County jails are supposed to have policies and procedures in place to screen inmates for suicidal tendencies and to prevent suicides.

18. The fact these inmates committed suicide indicates they had mental health issues that were not being addressed and therefore where possibly victims of abuse and/or neglect.

19. Based upon the information in the reports it received, MPAS had probable cause to open an investigation into deaths of the two inmates.

20. On or about January 28, 2009, MPAS advocate sent a request for records to Sheriff Warren C. Evans, requesting "All documentation (including any incident reports, case notes, witness statements, mental health records, etc.) . . ." regarding each of the two inmates. This request was made pursuant to the PAIMI, DD and PAIR Acts.

21. On March 10, 2009, the FOIA officer requested payment to process MPAS's records request regarding general records and records related to Inmate CC, $73.24 total with a deposit of $36.62 due immediately.

22. On March 17, 2009, MPAS advocate again requested records regarding Inmate #2, unidentified individual. This request was made pursuant to the PAIMI, DD and PAIR Acts.

23. On March 20, 2009, MPAS sent payment of the $36.62 deposit for the records to the Sheriff's FOIA coordinator.

24. On March 27, 2009, the FOIA coordinator sent a bill for the remaining $42.02 to complete processing of the records request for Inmate CC.

25. On April 7, 2009, corporate counsel and the FOIA attorney sent a letter denying MPAS's request for records relating to the suicides of both inmates. The letter stated PADD and PAIR were not applicable and that PAIMI did not require the release because the families of the inmates were looking into the matter. The letter also indicated the previous bill covered only records for their policy manuals.

26. MPAS sent payment for $42.02 for policy manuals. As of the date of this Complaint, MPAS has not received any records.

27. On May 11, 2009, MPAS attorney sent letter to FOIA officer stating that interpretation of PAIMI was wrong but at this time MPAS would try to cooperate by

4

contacting the legal representatives of the inmates and reminding them that PAIMI required the prompted disclosure of the legal representatives contact information.

28. On June 3, 2009, MPAS attorney spoke by telephone with the FOIA coordinator. FOIA coordinator could not release contact information without approval from corporate counsel and she did not know when or if approval would be granted.

29. As of the date of this Complaint, MPAS has not received any records from the Defendant.  MPAS has not received the records that were promised and paid for in addition to the disclosures in dispute.

### COUNT I – VIOLATION OF THE PAIMI ACT'S ACCESS TO RECORDS PROVISION

30. Plaintiff incorporates and re-alleges paragraphs 1 through 29.

31. MPAS, as Michigan's designated protection and advocacy system, has the right to access all record of individuals to which the PAIMI Act applies when conducting abuse and neglect investigations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A,B).

32. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of Inmates #1 and 2, violates MPAS's rights under the PAIMI Act, 42 U.S.C. §§ 10801-10827.

33. Defendant's failure to provide contact information for the persons the Sheriff's office claims to be the "other legal representatives" of the inmates violates MPAS's rights under PAIMI, 42 C.F.R. 51.43.

34. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with mental illness.

35. MPAS has no adequate remedy at law.

5

36. In all of this, the Defendant has under color of state law, regulation, usage or ordinance, deprived MPAS of its rights, privileges or immunities secured to it by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

### COUNT II – VIOLATION OF THE DD ACT'S
### ACCESS TO RECORDS PROVISION

37. Plaintiff incorporates and re-alleges paragraphs 1 through 36.

38. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records of individuals to which the DD Act applies when conducting abuse and neglect investigations. 42 U.S.C § 15043.

39. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of Inmates #1and 2, violates MPAS's rights under the DD Act, 42 U.S.C. § 15043.

40. Defendant's failure to provide contact information for the persons the Sheriff's office claims to be the "other legal representatives" of the inmates violates MPAS's rights under DD Act's regulations, 45 C.F.R. §1386.

41. MPAS has no adequate remedy at law.

42. In all of this, the Defendant has under color of state law, regulation, usage or ordinance, deprived MPAS of its rights, privileges or immunities secured to it by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

### COUNT III – VIOLATION OF THE PAIR ACT'S
### ACCESS TO RECORDS PROVISION

43. Plaintiff incorporates and re-alleges paragraphs 1 through 42.

44. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records of individuals to which the PAIR Act applies when conducting abuse and neglect investigations. 29 U.S.C. § 794e, and 42 U.S.C. §15043.

45. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of Inmates #1and 2, violates MPAS's rights under the PAIR Act, 29 U.S.C. § 794e.

46. Defendant's failure to provide contact information for the persons the Sheriff's office claims to be the "other legal representatives" of the inmates violates MPAS's rights under DD, 45 C.F.R. §1386.

47. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to monitor facilities and to prevent abuse and/or neglect of individuals with mental illness.

48. MPAS has no adequate remedy at law.

49. In all of this, the Defendant has under color of state law, regulation, usage or ordinance, deprived MPAS of its rights, privileges or immunities secured to it by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court:

A.      Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendant's actions and failures to act violate the PAIMI, DD, and/or PAIR Acts by:

      i)      Denying the Plaintiff access to Inmates # 1 and 2, records; and

  ii) Preventing MPAS from fully performing its statutory duty to investigate incidents of suspected abuse and/or neglect of persons with disabilities in violation of PAIMI, DD, and/or PAIR Acts;

B. Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendant to provide MPAS all reports, documents, and records relating to Inmates # 1 and 2;

C. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD and PAIR Acts;

D. Award Plaintiff costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

E. Order such other, further, or different relief as the Court deems equitable and just.

        Respectfully submitted,

Dated: June 9, 2009    s/Chris E. Davis
        MICHIGAN PROTECTION &
        ADVOCACY SERVICE, INC.
        Attorney for Plaintiff
        29200 Vassar Blvd., Suite 200
        Livonia, MI  48152
        (248) 473-2990
        cdavis@mpas.org
        P52159