UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.

               Plaintiff,

v.

BENNY NAPOLEON, In his Official
Capacity as Sheriff of Wayne County

               Defendant.
_____/

Case No. 2:09-cv-12224

Hon. Denise Page Hood

Magistrate R Steven Whalen

## PLAINTIFF'S REPLY IN SUPPORT OF AWARDING ATTORNEY FEES AS A PREVAILING PARTY

Plaintiff states in reply to Defendant's response the following:

**I.    ATTORNEY HOURLY RATE**

Originally MPAS sought an hourly rate of $250.00. [Docket Item No. 15] However, in light of a recent decision by U.S. District Judge Patrick Duggan of the Eastern District of Michigan, MPAS reduced the hourly rate requested to $200.00 an hour. [Docket Item No. 40, p.2.] [Opinion and Order, Exhibit #1] In his decision, Judge Duggan relied on the U.S. Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). The Court further relied on the *State Bar of Michigan 2007 Survey* to determine a reasonable hourly rate of $200.00 for myself.

In this case, Plaintiff's counsel has secured an important outcome for the client by clarifying Plaintiff's rights to obtain records for investigations into allegations of abuse and neglect. Furthermore, the decision clarified the rights and responsibilities of the P&A system in obtaining records when the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. 104-191, is invoked as a reason to deny

access to records. Determining the rights of the P&A system under the P&A Acts in relation to HIPAA is a highly specialized and specific area of the law and further justifies the requested hourly rate.

Given the fact that the Defendant has cited no change in circumstance for deviating from such a recent decision, the favorable outcome obtained and the specific legal specialty required to obtain the outcome, Plaintiff would ask the court to find that $200.00 to be a reasonable hourly rate in this case.

## II.     BILLING ISSUES & CORRECTIONS

**a.     The 4/7/10 Phone Calls and Calls with the Court:**  Defendant's objections to these billing issues are without merit. The 4/7/10 entry notes that "Calls to opp counsel" were made.  The note does not indicate I spoke with defense counsel or that I left any messages for defense counsel. It states that "calls" were made to the opposing counsel.  I do not dispute that defense counsel was out of town that day and that we did not speak.  But it appears I tried calling at least twice that day and did not get in touch with him.  As for the length of time spent on the phone calls made on 4/7/10 and the calls to the court, when I enter a time entry for a phone call I include time preparing (such as reviewing documents or rules) to make the call, hold time, the actual time on the phone and any time spent making notes or entering time. The time entered is an accurate statement of all the time I spent that was related to or concerned with making the telephone call.

**b.     Rescheduling Status Conference – Reduction of $260.00:** Plaintiff requested this rescheduling of the status conference and agrees with Defendant that they should not be billed for this time. The three time entries concerning the rescheduling are

being withdrawn. This is indicated on our revised billing by reducing the billing amount to -0- dollars. [Exhibit #2.]

  **c.** **Alleged "Non Events":** Defendant argues that reviewing an order of the Court is a non-event and is therefore not billable. Plaintiff respectfully disagrees. When the Court issues an order, counsel is expected to review, docket deadlines and to otherwise be aware of and mindful of what the court has ordered. Therefore, the time spent reviewing an order and docketing it is a legitimate billing.

  **d.** **Settlement Conference, Witness List & Sufficiency of Documentation:** Plaintiff believes that Defendant's arguments in relation to these billings are without merit and that these entries reflect the time Plaintiff's counsel spent on these tasks. Every entry has a designated activity category providing the Court with information about what task was being done. In addition, more information is provided in the detail section. Plaintiff's counsel has not added any detail that was not in our original entry with two exceptions.[1] Not a single entry is made without documenting the general category or activity being performed. There are more than one hundred time entries and less than ten are without a detail entry in addition to the general activity entry. One of these actually relates to an appearance in court. For these reasons, Plaintiff asks the court to allow these billing entries.

  **e.** **Corrections – Reduction $60.00 :** Plaintiff's counsel conducted a review of its billing entries due to Defendant's allegations. There were a few corrections that needed to be made. The entry for 3/29/10, "E-mails w/ opp counsel," this entry should be dated 3/28/10 [this has been noted in Exhibit #2.]. Two entries on 4/15/10, "e-mails w/

---

[1] In time entries dated 6/8/09 and 6/9/09, I added the detail "complaint" in reference to what "Legal-Writing" was being done. This is based on my case notes and the fact that the complaint was the only "writing" that was being done at that time in relation to this case.

3

sara" and "e-mails w/ Elmer", should be dated 4/14/10 and the correction has been noted in the attached exhibit. The entry dated 4/15/10, "E-mail w/ JS re settlement," is being removed because we do not have copy of the e-mail. Finally, entries on 3/25/10 and 4/14/10, "Met w/ James," should read "spoke w/" not "met." The general activity column clearly states these were telephone calls and not meetings so these entries were corrected to reflect this.

### III. SPLITING TIME BETWEEN THE TWO INMATE CASES

Defendant agrees that Plaintiff's solution of reducing by half the billing entry for billing in regard to both inmates is a fair way to bill. [Defendant's Response, p. 13.] Defendant, however, argues Plaintiff is inconsistent and that everything prior to the Plaintiff's Reply brief dated July 7, 2010, should be halved. Plaintiff proposes that time entries prior to June 21, 2010, be split, with some noted exceptions. June 21, 2010 was the date of our status conference with the Court, and it is my recollection that I informed the Court and opposing counsel that we were not proceeding any further as to Inmate #2, because we had not obtained consent from the personal representative of his estate.

Additionally, those time entries prior to June 21, 2010, that clearly relate to Inmate #1 only, should not be reduced by half. These entries are as follows: 10/19/09 and 10/21/10 – these are calls to attorneys that the Defendant told MPAS represented Inmate #1's estate. Entries on 2/2/10, 3/29/10, 3/31/10 and 4/1/10 relate to reviewing documents produced by Defendant for Inmate #1 and are separate from time spent reviewing documents for Inmate #2. Finally, the entry on 4/14/10 regarding research on HIPAA was for Inmate #1 only. MPAS had agreed to seek the consent of the personal representative of the estate of Inmate #2, so HIPAA related only to Inmate #1 where there

4

was no personal representative to contact. This research therefore relates only to Inmate #1. This clarification simplifies things as Defendant suggested. It also results in a reduction of nearly $4,000.00 of MPAS' attorney fee request. In our revised billing, the time entries that were previously billed at the full amount, have been split and are noted with an asterisk next to the "Y" in the "Shared" column.

In conclusion, with the changes noted above, Michigan Protection and Advocacy Service, Inc. respectfully requests the Court to award it attorney fees in the amount of $12,440.00. This is a reduction from $16,520.00 as requested in Plaintiff's Supplemental submission on October 28, 2010.

Respectfully submitted,

Dated:  December 27, 2010

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI  48152
(248) 473-2990
cdavis@mpas.org
P52159

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2010, I electronically filed the foregoing Plaintiff's Reply in Support of Awarding Attorney Fees as a Prevailing Party with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James M. Surowiec.

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
29200 Vassar Blvd., Suite 200
Livonia, MI  48152
248-473-2990
cdavis@mpas.org
P52159